## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE H. KNIGHT, II,              :

        Plaintiff              :       CIVIL ACTION NO. 4:11-0491

    v.                              :              (CONNER, D.J.)
                                              (MANNION, M.J.)
DONALD TURNER, et al.,               :

        Defendants            :

..............................................................................................

LAWRENCE H. KNIGHT, II,              :

        Plaintiff              :
                                             **FILED**
    v.                              :    **SCRANTON**

REXFORD R. LOWMILLER,                :    MAY 1 1 2011

        Defendant             :    PER _____
                                          DEPUTY CLERK

..............................................................................................

LAWRENCE H. KNIGHT, II,              :

        Plaintiff              :

    v.                              :

DIANE KEMP HOOVER, et al.,           :

        Defendants            :

### REPORT AND RECOMMENDATION[1]

On March 16, 2011, the plaintiff, an inmate at the State Correctional

Institution, Cresson, Pennsylvania, filed the above-captioned civil rights

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

actions pursuant to 42 U.S.C. §1983. In each case, the plaintiff filed the appropriate application to proceed *in forma pauperis* and authorization form. Therefore, financial administrative orders were issued in each case directing the Prison Superintendent/Warden to deduct monies from the plaintiff's inmate account for the filing fees.

Upon review, the court determined that the three actions involve common questions of law or fact. As such, by order dated April 13, 2011, the court directed that the cases be consolidated into one action pursuant to the provisions of Fed.R.Civ.P. 42(a).

As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B)[2]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S .C. § 1915(e)(2)(B), the court will recommend that the complaint be dismissed.

Upon review of the plaintiff's complaint, the plaintiff alleges that the various defendants either provided perjured testimony, suborned perjured testimony, or conspired to provide or suborn perjured testimony in order to falsely prosecute him. The plaintiff further alleges that various defendants concealed evidence which was exculpatory to him and which impeached the testimony of witnesses against him. Finally, the plaintiff alleges that certain

---

[2]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

individuals were coerced by various defendants to either falsely testify against him or to not testify on his behalf. Based upon these allegations, the plaintiff is seeking $77,777,777.77 in damages, as well as an investigation into his claims.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner does not have a cognizable §1983 claim, even if he does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his underlying sentence or conviction, unless that conviction has already been called into question. Id. at 486-87. The Heck decision effectively bars prisoners from collaterally attacking their underlying convictions, directly or indirectly, through the §1983 vehicle. To determine whether a §1983 claim should be dismissed as an impermissible collateral attack on an underlying conviction,

> "[A] district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."

Id. at 487.

Here, if the court were to render judgment in favor of the plaintiff on the claims raised in his complaint, it would necessarily imply the invalidity of his

3

conviction. See Phillips v. Alsleben, 2011 WL 817166 (E.D.Pa.)[3] (citing
Banko v. Brooks, 2006 WL 3227761 at *5 (W.D.Pa. Nov. 2, 2006) ("Because
success in establishing that the Defendants conspired to falsely convict him,
lying in the course of the criminal proceedings and committing perjury . . .
would necessarily render [Plaintiff's] convictions or sentences invalid, [Heck]
renders his claims non-cognizable in this civil rights action absent an
invalidation of those convictions.")). See also Goodson v. Maggi, 2010 WL
1006901 (W.D.Pa.) (claim that defendant violated plaintiff's constitutional
rights by concealing exculpatory evidence barred by Heck). The plaintiff has
not alleged that the conviction he is challenging was reversed on appeal,
expunged by executive order, declared invalid by a state tribunal or called into
question by a federal court's issuance of a writ of habeas corpus[4]. Heck, 512
U.S. 486-87. Therefore, he cannot state a §1983 claim based on this
conviction.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's complaint be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** May 11, 2011

O:\shared\REPORTS\2011 Reports\11-0491-01.wpd

---

[3]For the convenience of the reader, the Court has attached copies of unpublished opinions cited within this document.

[4]A review of the plaintiff's state court criminal docket also reveals no such invalidation. See Commonwealth v. Knight, Criminal Docket No. CP-41-CR-0000393-1997.